White & Depue *v.* Lea.

W. O. WHITE and CHAS. W. DEPUE *v.* JNO. A. LEA, Sr.

PLEADINGS AND PRACTICE. *Counterpart writ. Justice's judgment.* Suit was brought before a justice against partners in a county where only one of them resided. A writ was issued to another county, where the other two partners lived, against them only, not showing that the resident had been sued. Judgment was taken against all these partners, and bill filed by two non-residents to enjoin it, because it was void. *Held,* that the writ was in substance a counterpart writ, though informal, and that the judgment was valid against all the partners. Cooper, J., dissenting.

FROM HAMILTON.

Appeal from the Chancery Court at Chattanooga. W. M. BRADFORD, Ch.

KEY & RICHMOND for complainants.

GEO. T. WHITE for defendant.

DEADERICK, C. J., delivered the opinion of the court.

The bill in this case was filed to enjoin two judgments of a justice of the peace of Hamilton county, rendered against them and one H. C. Hawkins, for $81 and $106. The warrant was issued to Hamilton county, against Howard W. Smith and said Hawkins, White and Depue, and one Butt, as partners. It appears to have been executed in Hamilton county on Hawkins only, the other defendants not being found, and the complainants being residents of Knox county.

29—VOL. 9.

At the time of the issuance of the original warrant to Hamilton county, a counterpart, so-called, was issued in each case to be served on the complainants in Knox county. These last named warrants were not exact counterparts of the originals. They are issued only against White and Depue, the complainants, but bear the same dates as their originals, and recite the same causes of action, and summon the defendants to appear at the same times and places designated in the originals. And upon the face of each it is noted, that it is the counterpart of a warrant issued to Hamilton county.

The bill is filed alleging that the justice's judgments were void, and praying that they be perpetually enjoined. Upon demurrer, the bill was dismissed, and complainants have appealed to this court.

Literally, a counterpart is a duplicate or copy of the original summons or warrant; and in strictness it ought to be so made out by the clerk or justice, and the fact noted on the process, that it is a counterpart, and the names of the parties upon whom it is to be served also stated. Such, we think, is the usual and proper practice in such cases. It is the purpose of such process, like the original, to give the defendant notice that a suit has been commenced against him, and to notify him of the cause of action, and the time and place at which he was required to appear.

The facts in this case are such as authorize a justice to issue a counterpart, and the material and controlling question is, has this been done? The objection is that the counterpart does not show that the com-

White & Depue *v.* Lea.

plainants were jointly sued with the other parties named in the original warrant. And in strictness this ought to have appeared. But the warrant executed· upon complainants does show, upon its face,· that it is a counterpart and not an original writ, and in legal effect declares that there are other parties sued upon original ¸process, although their names are not disclosed.

We do not think, therefore, that the process served upon the complainants, or the judgment of the justice rendered against them, was void. In view ·of the liberal construction given to justices' proceedings, we are of opinion that the chancellor's decree dismissing complainants' bill was correct, and affirm it.

COOPER, J., delivered the following dissenting opinion:

The original summons in this case was issued by ·a justice of the peace of Hamilton county against several defendants residing in that county, and against two defendants who were resident citizens of Knox county. The justice issued what he intended as a counterpart writ for these latter defendants to Knox county, but he only included therein these two defendants. A counterpart writ is a copy of the original writ, and is authorized to be issued to another county when the court or justice has jurisdiction of the cause by reason of the fact that some of the defendants are residents of his county, or found therein. He has no jurisdiction of resident citizens of another county not found in his county. If, ·therefore, he issues a writ

against the citizens of another county, the writ would be simply void. And the fact that he calls it a counterpart writ when it shows no other defendants' and consequently implies that the original writ is only against these same defendants, cannot give it vitality. The contrary ruling of a majority of the court necessarily enables any justice in any county of the State to issue a summons for non-resident citizens, and to send a counterpart of that writ to the county or counties where the defendants do actually reside, and thus acquire jurisdiction of a cause plainly not within his jurisdiction, unless the defendants go to his county and plead in abatement of the writ. I am unable to concur in a decision which leads to such a result. I think the process in question was not a counterpart of the original writ and was void, and that the justice had no authority to issue it. If it had been a counterpart of the original writ as it purported, it would have been equally void, as showing that the justice had no jurisdiction of the defendants. In either view, the writ was a nullity, and might be so treated by those upon whom it was served.

Judge McFARLAND being incompetent, did not sit in this cause.